```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                         08-CV-1071(JMR/RLE)
```

| | |
|---|---|
| Kathleen Barbara Mayer ) | |
| ) | |
| v.  ) | ORDER |
| ) | |
| Countrywide Home Loans, ) | |
| a/k/a MERS Inc. (Mortgage ) | |
| Electronic Registration ) | |
| Systems) ) | |

This matter is before the Court on defendant's motion for summary judgment. The motion is granted.

I. Background

The facts are largely undisputed; where disputed, they are taken in the light most favorable to plaintiff.[1]

In October, 2006, plaintiff approached Bremer Bank, N.A. ("the Bank") about refinancing her home located on approximately seven acres in Glenwood, Minnesota. The Bank arranged for an appraisal, and qualified her for a mortgage of $156,000. The closing was held on November 20, 2006, at which time plaintiff signed the mortgage and promissory note in favor of the Bank. Nine days later, the Bank assigned the loan servicing rights to defendant, Countrywide Home Loans, Inc. ("Countrywide"). After payment of closing costs and other debts, plaintiff realized a $141,034.91 net cash payment.

Plaintiff made mortgage payments through April, 2007, after

---

[1] The Court considers only the materials which were timely filed in response to defendant's motion – Docket Nos. 82, 83, 84, 85, and 86, filed August 28, 2009.

which she stopped, thereby defaulting on the loan. Countrywide commenced foreclosure proceedings in September, 2007, and on October 16, 2007, repurchased the property at auction for the outstanding mortgage amount. Six months later, the day the redemption period ended, plaintiff commenced this action. She claims the foreclosure violated Minnesota's Farmer-Lender Mediation Act ("FLMA"), Minn. Stat. §§ 583.21-32 (2008).

Plaintiff sought to enjoin the foreclosure, and further sought a default judgment. The Honorable Raymond L. Erickson, United States Chief Magistrate Judge, recommended the motions be denied. [Docket No. 37.] Plaintiff objected. This Court reviewed the record de novo, and adopted the Report and Recommendation on September 29, 2008. Mayer v. Countrywide Home Loans, 2008 WL 4527800 (D. Minn. Sept. 29, 2008) (unpublished).

Defendant now moves for summary judgment.

II. Analysis

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. See Anderson, 477 U.S. at

248-49.

Plaintiff has contrived a theory under which her former home and acreage is a farm subject to the FLMA. The Court discerns no substance to her theory.

In 1986, Minnesota's legislature passed a law designed to protect farmers "threatened with the loss of their farmland, equipment, crops, and livestock" through foreclosure. Minn. Stat. § 583.21 (2008). The statute established "an orderly process with state assistance to adjust agricultural indebtedness." Id. The statute stays foreclosure proceedings against qualified debtors to allow them an opportunity to mediate any dispute with their lenders. See Minn. Stat. § 583.26 subd. 5 (2008).

But the law is explicit: it specifically excludes "a debtor who owns and leases less than 60 acres if the debtor has less than $20,000 in gross sales of agricultural products the preceding year." Minn. Stat. § 583.24 subd. 2(b) (2008). It also requires the individual debtor be "actively engaging in farming." Minn. Stat. §§ 583.22, 583.24 subd. 2(a), 500.24 subd. 2 (2008).

Plaintiff claims she is "actively engaging in farming" because she lives on the property, raises three to five head of cattle annually, and produces $15,000 worth of grain or alfalfa every other year. She claims these facts place her within the ambit of Minn. Stat. §§ 583.22, 583.24 subd. 2, and 500.24 subd. 2 (2008). (See Plaintiff's Response to Motion for Summary Judgment ("Pl.

Resp.") at 12-13). She admits she leases the farm in alternate years.

Plaintiff is wrong. She does not qualify for the FLMA for at least two reasons. First, she is not actively engaged in farming. Leasing a farm to someone else is not considered "actively farming," and rental income does not count toward the $20,000 threshold. See Resolution Trust Corp. v. Lipton, 983 F.2d 901, 904 (8th Cir. 1993); Bornhorst v. Budzik, 1990 WL 119348, *1 (Minn. Ct. App., August 21, 1990) (unpublished) (plaintiffs not "actively engaged in farming" where another person "bought the seeds and actually did the planting, cultivating and harvesting"). The property subject to Countrywide's mortgage has not generated at least $20,000 in gross sales of agricultural products in any year relevant to this motion. The Court finds plaintiff is not "actively engaged in farming."

Second, the Court concludes plaintiff's property, being at most seven acres, is too small to qualify for protection under the FLMA. Minnesota courts have consistently held the statute does not apply to farms smaller than 60 acres with less than $20,000 in gross sales of agricultural products. See Northern State Bank of Thief River Falls v. Efteland, 409 N.W.2d 541, 543 (Minn. Ct. App. 1987) (FLMA does not apply to 26 acre farm); Ward v. Ward, 1993 WL 480243, *1 (Minn. Ct. App. Nov. 23, 1993) (unpublished) (FLMA does not apply to 1.36 acre residential parcel).

Plaintiff asks the Court to include an adjoining 55-acre tract not subject to the mortgage. She claims this land is owned by a trust for the benefit of her children. The Court cannot find any legal or equitable reason why it should engraft other property to create a fictitious 60-plus acre farm.

The adjoining parcel is allegedly owned, not by plaintiff directly, but by a trust. Even if the Court were to assume plaintiff owned the adjoining 55 acres, there is no question of fact for a jury. The adjoining parcel is not subject to Countrywide's mortgage, and there is absolutely no evidence it faces any threat of foreclosure arising from that mortgage. The statute explicitly excludes from its protection farms of fewer than 60 acres with less than $20,000 in gross sales of agricultural products. Minn. Stat. § 583.24 subd. 2(b) (2008). Nothing in the statute, or any Minnesota court interpretation thereof, suggests an intent to let property owners bootstrap smaller properties into the statute's protection by looking to neighboring parcels entirely beyond the subject foreclosure.

The Court holds that the adjoining piece of property, neither owned by plaintiff nor subject to a mortgage facing foreclosure, may not, as a matter of law, be added to the too-small parcel of plaintiff's property to create a 60-acre farm eligible for protection under the FLMA. Accordingly, Countrywide is entitled to summary judgment.

As part of her response to Countrywide's motion for summary judgment, plaintiff, for the first time, offers two new legal theories: first, that the mortgage was procured through fraud; and second, that she rescinded the loan within three business days of closing. These allegations appear nowhere in the Complaint, and are not properly before the Court. Nonetheless, the Court considers them and rejects them.

Simply put, plaintiff's new legal theories are completely at odds with her actions. "One who may avoid a contract for fraud ratifies it by accepting and retaining the benefits thereof." Proulx v. Hirsch Bros., Inc., 155 N.W.2d 907, 912 (Minn. 1968). Even assuming - and the Court does not so assume - the Bank fraudulently importuned plaintiff, contriving to induce her to sign the mortgage in 2006 as she now claims, she completely ratified the loan by accepting, and enjoying the benefit of, the $141,034.91 in cash she received and has not repaid.

Further - assuming plaintiff ever had a right to rescind the contract - she voluntarily waived her right to do so. Waiver is the voluntary abandonment of a known right. Montgomery Ward & Co. v. County of Hennepin, 450 N.W.2d 299, 304 (Minn. 1990). Here, the recently-alleged fraud took place in October and November 2006, more than three years ago. Whatever right plaintiff may have had to avoid or rescind the mortgage at that time, she has since waived by keeping the loan proceeds, making payments through April 2007,

and raising no allegations of fraud until now. For the same reason, even if plaintiff did attempt to rescind the loan within three days, as contemplated by the Truth In Lending Act, <u>see</u> 15 U.S.C. § 1635(a) (2003), she nonetheless accepted the loan proceeds, made payments to Countrywide, and is now estopped from undoing the deal. <u>See</u> <u>Wilson v. Homeowners Loan Corp.</u>, 263 F. Supp. 2d 1212, 1218-19 (E.D. Mo. 2003).

Considered on their merits, plaintiff's new claims fail. She now alleges fraud by parties other than Countrywide, as well as her attempted rescission, all of which took place before Countrywide acquired the loan. Countrywide has offered uncontroverted evidence of its good faith loan purchase for value; plaintiff's belated suggestions to the contrary are entitled to no weight. (<u>Compare</u> Affidavit of Nichole Orr ¶¶ 4-7 and Pl. Resp. at 3-4, 14.) "Rescission and restoration will not be granted to the prejudice of bona fide purchasers acquiring rights subsequent to the execution of the instrument sought to be canceled." <u>See</u> <u>Proulx</u>, 155 N.W.2d at 912; <u>see</u> <u>also</u> Minn. Stat. § 336.3-305(b)(2008).

For more than a year, Countrywide has relied on the allegations in plaintiff's Complaint to defend this case; discovery is now closed. The Court finds Countrywide would be prejudiced if plaintiff were permitted to raise completely new theories - as yet unpleaded, against defendants as yet unnamed - in response to its motion for summary judgment.

III. Conclusion

For the foregoing reasons, IT IS ORDERED that defendant's motion for summary judgment [Docket No. 71] is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 18, 2010

                                          s/ James M. Rosenbaum
                                          JAMES M. ROSENBAUM
                                          United States District Judge